MATTHEW N. FALLEY (SBN 192493)
MFalley@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Defendant
DWFRITZ AUTOMATION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WEST DISTRICT

| | |
|---|---|
| VBCONVERSIONS LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DWFRITZ AUTOMATION, INC., an Oregon Corporation; DOES 1-10, inclusive,<br><br>Defendant. | Case No.  CV11-06845 PA(JCx)<br><br>Assigned To:  Hon. Percy Anderson<br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>Date Action Filed:  August 19. 2011 |

Defendant DWFRITZ AUTOMATION, INC. and JIM XIONG ("Defendants"), through undersigned counsel, hereby answer the Complaint of Plaintiff VBCONVERSIONS LLC ("VBConversions" or "Plaintiff") and assert affirmative defenses, as follows:

## ANSWER

DWFritz responds to VBConversions' Complaint as follows: Defendants deny each allegation in the Complaint except those expressly admitted below. This Answer is based upon Defendants' investigation to date, and Defendants reserve the right to amend this Answer during the course of the litigation as new information is learned.

### A. SUMMARY OF THE ACTION

1. Answering Paragraph 1, Defendants admit to the nature of the action but deny that VBConversions is entitled to any damages or injunctive relief. Defendants deny that they copied or otherwise used VBConversions' software entitled "VB.NET to C# Converter." Defendants admit that a programmer may have accessed the software but deny that access was unauthorized. The software was not functional and/or generated no usable output. Except as expressly admitted, paragraph 1 is denied.

### B. JURISDICTION

2. Answering Paragraph 2, Defendants admit that the Court has subject matter jurisdiction.

3. Answering Paragraph 3, Defendants admit that venue is proper in this Court.

4. Answering Paragraph 4, Defendants deny the allegations.

### C. PARTIES

5. Answering Paragraph 5, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

6. Answering Paragraph 6, DWFritz admits that it is an Oregon corporation, whose principal headquarters are located at 17750 SW Upper Boones Ferry Road, Portland, OR 97224.

7. Answering Paragraph 7, DWFritz admits that it is an automation systems integrator specializing in designing and building leading-edge custom turnkey manufacturing automation systems. Except as expressly admitted, Paragraph 7 is denied.

8. Answering Paragraph 8, Defendants admit that defendant Jim Xiong was at all relevant times employed by defendant DWFritz. Except as expressly admitted, Paragraph 8 is denied.

### D. GENERAL ALLEGATIONS

9. Answering Paragraph 9, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

10. Answering Paragraph 10, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations. Defendants likewise are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Exhibit B and therefore deny any allegations relating thereto.

11. Answering Paragraph 11, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

12. Answering Paragraph 12, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

13. Answering Paragraph 13, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

14. Answering Paragraph 14, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

15. Answering Paragraph 15, DWFritz admits that it has engaged in the purchase and/or sale of goods and services within the County of Los Angeles, State of California.

16. Answering Paragraph 16, with regard to all defendants, whether individual, corporate, and/or partnership entities, named in the Complaint as DOES 1 through 10, Defendants deny all wrongs alleged. Without identification of DOES 1 through 10, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny these allegations.

17. Answering Paragraph 17, Defendants deny all wrongs alleged and deny all allegations.

## FIRST CLAIM FOR RELIEF

18. Answering Paragraph 18, Defendants incorporate by this reference their answers to paragraphs 1 through 17 set forth above.

19. Answering Paragraph 19, DWFritz admits that one of its programmers, Jim Xiong, accessed VBConversions' program on October 19, 2010. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore deny those allegations.

20. Answering Paragraph 20, Defendants deny that the programmer who accessed VBConversions' program used the program to convert any programming code. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore deny those allegations.

21. Answering Paragraph 21, Defendants deny that the programmer who accessed VBConversions' program used the program to convert any programming

code. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore deny those allegations.

22. Answering Paragraph 22, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny those allegations.

23. Answering Paragraph 23, Defendants deny that the programmer who accessed VBConversions' program used the program to convert any programming code. Defendants deny the remaining allegations in Paragraph 23. Defendants likewise are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Exhibit C and therefore deny any allegations relating thereto.

24. Answering Paragraph 24, Defendants deny that VBConversions sustained any loss of sales, diminution of value of its program, or potential loss of license value. Defendants did not use VBConversions' program for any purpose and deny that they used the program to convert any programming code. Defendants deny that VBConversions has been harmed and deny any fraudulent use of a registration code. Defendants deny the remaining allegations in Paragraph 24.

25. Answering Paragraph 25, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding hours necessary to convert code and cost of programming and therefore deny those allegations. Defendants deny that they used VBConversions' program for any purpose and deny that it used the program to convert any programming code. Defendants deny the remaining allegations in Paragraph 25.

26. Answering Paragraph 26, Defendants deny that they have profited and will continue to profit in an amount unknown from use of VBConversions' program.

27. Answering Paragraph 27, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF

28. Answering Paragraph 28, Defendants incorporate by this reference their answers to paragraphs 1 through 27 set forth above.

29. Answering Paragraph 29, Defendants deny the allegations.

30. Answering Paragraph 30, Defendants deny that they derived any benefit or profit from access to VBConversions' software. Defendants deny the remaining allegations in Paragraph 30.

31. Answering Paragraph 31, Defendants deny the allegations.

## THIRD CLAIM FOR RELIEF

32. Answering Paragraph 32, Defendants incorporate by this reference their answers to paragraphs 1 through 31 set forth above.

33. Answering Paragraph 33, Defendants deny that any employee used VBConversions' program for the benefit of defendant DWFritz. Defendants deny the remaining allegations in Paragraph 33.

34. Answering Paragraph 34, Defendants deny the allegations.

35. Answering Paragraph 35, Defendants deny the allegations.

## FOURTH CLAIM FOR RELIEF

36. Answering Paragraph 36, Defendants incorporate by this reference their answers to paragraphs 1 through 35 set forth above.

37. Answering Paragraph 37, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

38. Answering Paragraph 38, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

39. Answering Paragraph 39, Defendants deny any act of circumvention under the Digital Millennium Copyright Act. Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and therefore deny those allegations.

40. Answering Paragraph 40, Defendants deny the allegations.

41. Answering Paragraph 41, Defendants deny any act of circumvention under the Digital Millennium Copyright Act. Defendants deny the remaining allegations in Paragraph 41.

### FIRST AFFIRMATIVE DEFENSE

1. VBConversions' claims are barred, in whole or in part, because the Complaint, and each purported claim contained therein, fails to state a claim for relief upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. VBConversions' claims are barred, in whole or in part, because Defendants had no intention or knowledge, nor any reasonable grounds to know, that their alleged access to VBConversions' program was unauthorized.

### THIRD AFFIRMATIVE DEFENSE

3. VBConversions' claims are barred, in whole or in part, because Defendants did not engage in unauthorized copying but were authorized and/or believed they were authorized to access a free trial version of VBConversions' program.

### FOURTH AFFIRMATIVE DEFENSE

4. VBConversions' claims are barred, in whole or in part, because Defendants did not make any commercial use of VBConversions' program and did not use that program to convert any programming code.

### FIFTH AFFIRMATIVE DEFENSE

5. VBConversions' claims are barred, in whole or in part, because Defendants did not derive any benefit or profit in any manner from access to VBConversions' program.

### SIXTH AFFIRMATIVE DEFENSE

6. VBConversions' claims are barred, in whole or in part, because VBConversions has not alleged any act of circumvention under the Digital Millennium Copyright Act.

### SEVENTH AFFIRMATIVE DEFENSE

7. VBConversions' claims are barred, in whole or in part, as a result of misstatements and omissions, if any, in copyright registration certificates, assignments and/or notices that it submitted for the material at issue.

### EIGHTH AFFIRMATIVE DEFENSE

8. VBConversions' claims are barred, in whole or in part, by the doctrines of copyright misuse and abuse of legal process.

### NINTH AFFIRMATIVE DEFENSE

9. VBConversions' claims are barred, in whole or in part, by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

10. VBConversions' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and acquiescence.

### ELEVENTH AFFIRMATIVE DEFENSE

11. VBConversions' claims are barred, in whole or in part, because VBConversions has suffered no compensable injury.

### TWELFTH AFFIRMATIVE DEFENSE

12. VBConversions cannot recover damages from Defendants to the extent that the damages alleged are speculative, uncertain, and/or nonexistent.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. BConversions' claims are barred, in whole or in part, by the fair use doctrine.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That VBConversions' Complaint be dismissed with prejudice and that VBConversions take nothing from Defendants by virtue of its complaint;

2. That judgment be entered in favor of Defendants and against VBConversions;

3. That Defendants be awarded their costs of suit and reasonable attorneys' fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

DATED: December 14, 2011

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: /s/
MATTHEW N. FALLEY (SBN 192493)
Attorneys for Defendant DWFRITZ
AUTOMATION, INC.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Greenberg, Glusker, Fields, Claman & Machtinger LLP, 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067.

On **December 14, 2011**, I served the foregoing document, entitled: **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

Donald M. Gindy, Esq.                         *Attorneys for Plaintiff*
DONALD M. GINDY, A
PROFESSIONAL LAW CORP.
1880 Century Park East, Suite 615
Los Angeles, California 90067-1622
Telephone: 310.772.0585
Fax: 310.772.0018

__X__  **(BY MAIL)** By placing the document(s) listed above in sealed envelope(s) in a designated "OUT" box in the office of my employer. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid. (CCP Section 1013a, 2015.5, FRCP section 5(B), or FRAP 25(d).

__X__  **(BY CM/ECF)** The document(s) listed above were also electronically served by e-filing said document with the U.S. District Court, Central District of California Case Management/Electronic Case Filing (CM/ECF) system. Upon completion of transmission of said documents, a Notice of Electronic Filing (NEF) was issued to the filing party acknowledging receipt of said documents by the CM/ECF system and that notice had been electronically mailed to all parties.

__X__  **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **December 14, 2011**, at Los Angeles, California.

Sheila M. Fallen                         /s/ Sheila M. Fallen
                                         Signature

99910-31400/1804529.1

PROOF OF SERVICE