DONALD M. GINDY
A PROFESSIONAL LAW CORP.
1880 CENTURY PARK EAST, SUITE 615
LOS ANGELES, CA 90067
Tel: 310 772 0585
Fax: 310 772 0018
Email: don@gindylaw.com
SBN: 45228
Attorney for VBConversions LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- WEST REGION

| | |
|---|---|
| VBCONVERSIONS LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DWFRITZ AUTOMATION, INC., an Oregon Corporation; DOES 1-10, inclusive<br><br>Defendants. | CASE NO. CV11-06845 PA(JCx)<br><br>**JOINT CONFERENCE REPORT PURSUANT TO RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**<br><br>**Date: March 15, 2012**<br>**Time: 10:30AM**<br>**Courtroom: 15** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 26-1 of the Local Rules of the United States District Court for the Central District of California and this Court's Standing Order, the plaintiff, VBConversions LLC and defendants, DWFritz, Inc. and Jim Xiong aka Jong, and having conducted the required conference on the 23rd of January, 2012, regarding their responsibilities under Rule 26(f), and

Page 1 of 9

submit the following Joint Rule 26(f) report.

1. **REQUIREMENTS PURSUANT TO RULE 26(f).**

The parties have considered and discussed the following matters required by the Rule

(A.) **Proposed Discovery Plan.**

(1) **Changes to be made in the timing, form or requirements of disclosures under Rule 26(a), including a statement as to when disclosures were made or will be made.**

The parties do not believe that any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). The parties will make the disclosures required by Rule 26(a)(1) on or before March 2, 2012

(B.) **The subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

1. Plaintiff believes discovery on the following topics is necessary:

(a) The facts and circumstances surrounding the unauthorized access and copying of plaintiff's software by defendants;

(b) The factual basis for each of the affirmative defenses asserted by defendants' in response to plaintiff's complaint;

(c) The facts and circumstances surrounding defendants' use of plaintiff's

software in its business environment;

(d) Defendant's gross revenue derived from the use of plaintiff's program;

(e) Additional evidence to support plaintiff's claims for relief.

**2. Defendants believe that discovery will need to be taken with regard to the following topics, among others. Defendants reserve the right to seek discovery on other topics that may be relevant to the issues in this case as discovery unfolds and the parties' legal theories develop:**

a. The facts and circumstances surrounding the nature of plaintiff's relationship with defendants, and alleged agreement(s) between plaintiff and defendants;

b. The facts and circumstances surrounding plaintiff's trial offers of its programs to customers and potential customers; plaintiff's use of a tracking system to gather information about users of its programs; and plaintiff's license agreements with customers;

c. The relationship between plaintiff and the company it uses to track its program and uses of its program.

d. Plaintiff's custom and practice with respect to its ownership of the copyrights in its programs;

e. Plaintiff's sales of its programs, license fees, and income derived

from other litigations;

  f. Documents and evidence supporting plaintiff's claims.

  g. Documents and evidence supporting plaintiff's assertion of damages.

**3. The parties propose a discovery cutoff for non-expert discovery of August 1, 2012. The parties propose a discovery cutoff for expert discovery of September 28, 2012.**

**4. Discovery in phases or focused on particular issues.**

Plaintiff believes an *aspect of discovery* will focus on the apparent deletion and uninstallation of plaintiff's software by defendants after their receipt of a cease and desist letter from counsel.

Defendants do not agree that there was any improper activity related to deletion or uninstallation of plaintiff's software. In fact, defendants have already provided those files to plaintiff as part of cooperative discovery. Defendants believe that if plaintiff cooperates with defendants, the exact nature of any alleged use of plaintiff's software by defendants can be easily determined. Defendants believe that discovery should not be conducted in phases or limited to or focused upon particular issues.

**C. Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

Plaintiff has received from defendants in the spirit of cooperative discovery certain ESI that has been reviewed. It is not known whether additional ESI exists regarding the primary issues in this case. Plaintiff hopes that defendants will continue to be cooperative with respect to further ESI should discovery reveal its presence and relevance to plaintiff's case in chief. Plaintiff is willing to accept ESI in the form it is found on defendants' computers.

Plaintiff further believes, however, that past acts directed at uninstallation and deletion of ESI will be an important phase of discovery. It may subject defendants to sanctions for failing to retain and preserve certain ESI upon receipt of a cease and desist letter from plaintiff. It is possible that imposition of sanctions under Rule 26(A)(ii) and Rule 34(a) of the FRCP may be appropriate.

Plaintiff further finds that it may necessary to submit a Second Amended Complaint following further investigation and discovery. Plaintiff suggests that a claim may exist for misuse and/or deletion of copyright management information in violation of 17 U.S.C. § 1202(b)(1). Plaintiff will promptly advise the Court and counsel if an amended complaint is required.

Although defendants are investigating plaintiff's allegation, defendants assert

that no documents or ESI was improperly handled and sanctions are not warranted. In fact, defendants have already provided the files at issue to plaintiff. Defendants are still determining the manner in which they possess electronic data. Counsel will meet and confer regarding stipulations concerning the method of production of electronic data, if any.

**(D) Issues about claims of privilege or of protection as trial-preparation materials.**

The parties believe a stipulated Protective Order should be entered to allow the parties to protect and maintain the confidentiality of proprietary and highly sensitive business and financial information, consistent with *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003).

**(E) Changes in the limitations on discovery imposed under the federal rules or by local rules, and other limitations which should be imposed.**

The parties do not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, or that any other limitations should be imposed at this time. The parties reserve the right to revisit this issue at a later date.

(F)   Other Orders that should be entered by the Court under Rule 26( c) or Rule 16(b) and ( c).

As stated above, a stipulated Protective Order is appropriate. Also, the Court is advised that Plaintiff may request to file a Second Amended Complaint pursuant to Rule 16( c)(2)(B).

2.   **REQUIREMENTS PURSUANT TO LOCAL RULE 26-1.**

(a)   *Complex cases.* The parties believe this case is not a complex case calling for use of the Manual for Complex Litigation.

(b)   *Motion Schedule.* Plaintiff intends to seek Summary Judgment/Partial Summary Judgment and/or Sanctions for destruction of evidentiary material. The cutoff date for such a motion shall be October 31, 2012. Defendants intend to bring a motion for summary judgment or partial summary judgment. The parties propose that all dispositive or partially dispositive motions be filed no later than October 31, 2012. The parties will confer on a briefing schedule for any such motions that will provide more time for opposition and reply briefing than provided under Central District Local Rule 7.

( c)   The parties have discussed mediation, but it appears to plaintiff some discovery is required before it can undertake a serious effort at

mediation. A mediation previously planned for February 17, 2012 was cancelled by plaintiff.

(d) Trial Estimate.

The parties estimate that the trial will last 5 days. Plaintiff and defendants request a jury trial on all claims so triable.

(e) Additional Parties.

The parties do not anticipate the appearance of any additional parties.

(f) Expert Witness (Rule 26-1(f))

The parties propose that expert witnesses be designated, and expert witness reports be disclosed, on August 15, 2012. The parties propose that rebuttal expert witnesses be designated, and rebuttal expert witness reports be disclosed, on September 12, 2012. The parties propose an expert witness discovery cutoff of September 28, 2012.

DATED: February 9, 2012

DONALD M. GINDY PLC

BY: _____
DONALD M. GINDY
Attorneys for Plaintiff VBConversions LLC

DATED: February 10, 2012

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP

BY: _____
MATTHEW N. FALLEY

Digitally signed by Matthew N. Falley
DN: cn=Matthew N. Falley, o, ou,
email=mfalley@greenbergglusker.com, c=US
Date: 2012.02.10 12:11:38 -08'00'

LANE POWELL PC
Parna A. Mehrbani, Pro Hac Vice
Attorneys for Defendants
DWFritz Automation, Inc. And Jim Jong